UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCHELE WEEMS,

       Plaintiff,

                                CASE NO:

vs.

SUN LIFE ASSURANCE COMPANY OF
CANADA,

       Defendant.
_____/

## COMPLAINT

### STATEMENT OF THE CASE

1. This is an action for damages, attorney's fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132 (a)(1)(b).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (e).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391 (b) and (c), because the Defendant's failure to comply with the plan occurred within this district.

### PARTIES AND GENERAL ALLEGATIONS

4. At all times relevant hereto Plaintiff, ROCHELE WEEMS, was an "employee" of Healthplan One, Inc., her "employer", as these terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. At all times relevant hereto Plaintiff was a "participant" in and "beneficiary" of a long-term disability insurance plan (hereinafter "LTD PLAN"), as these terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premium required for coverage under the LTD PLAN has been fully paid or otherwise satisfied.

6. The LTD PLAN is a component of an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 132(d)(1). Defendant is in possession of said LTD PLAN.

7. At all times relevant hereto Plaintiff's employer, Healthplan One, Inc., was the "plan sponsor" as this term is defined by 29 U.S.C. § 1002(16)(B).

8. At all times relevant hereto Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA, was the claim "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

9. At all times relevant hereto the business practices of Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA, created a conflict of interest between its fiduciary duties to Plaintiff and its interest in maximizing profits.

10. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. Plaintiff became "disabled" as that term is defined in the LTD PLAN on or about May 3, 2018, and returned to work on or about June 3, 2019.

12. Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA, made the final decision to deny benefits under the LTD PLAN.

13. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein

claimed and has exhausted all necessary administrative remedies prior to filing this action, or exhaustion of administrative remedies would be futile.

### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)
### Against SUN LIFE ASSURANCE COMPANY OF CANADA

14. Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA, has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN.

16. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under the LTD PLAN, together with costs of litigation and attorney's fees and pre-judgment interest.

s/Paul S. Kimsey
PAUL S. KIMSEY
Florida Bar No.: 0988472
Attorney for Plaintiff
KIMSEY LAW FIRM, P.A.
4012 Gunn Hwy., Suite 140
Tampa, FL 33618
Telephone: (813) 549-1001
Facsimile: (813) 265-1752
E-mail: pkimsey@kimseylaw.com